Spene in and to the proceeds of the policies in question.

Wherefore, the court enters the following

## ORDER

Now, September 23, 1980, it is the order of this court that motion for judgment on the pleadings filed on behalf of plaintiff be and is hereby granted and judgment be and is hereby entered in favor of plaintiff and against defendants.

## Witmer Petition

*Anthony Miele* and *William Caprio*, for petitioners.

*Malcolm Mussina,* for tax sale purchasers.

*Robert J. Wollet,* for respondent.

GREEVY, *J.,* July 8, 1980—Petitioners, Gary L. Witmer and Neva P. Witmer, his wife, filed this

petition to set aside the tax sale of certain real property belonging to them, but sold for $1,600 to James R. Ertel and Joanne C. Ertel, his wife, by the Tax Claim Bureau on September 10, 1979 to satisfy a tax lien of $867.05. Counsel for all parties stipulated to the facts as follows:

1. On September 10, 1979 property owned by Gary L. Witmer and Neva P. Witmer, his wife, located in Old Lycoming Township, Lycoming County, Pa., as more fully set forth in a deed recorded in Deed Book 528, Page 912, was exposed to public sale by the Tax Claim Bureau of Lycoming County for delinquent taxes for the year 1977.

2. The upset sales price was $867.05, and the land was sold to James R. Ertel and Joanne C. Ertel, of R.D. 3, Williamsport, Pa., for the sum of $1,600.

3. Daily delivery of mail to the Lycoming County Court House by the U.S. Postal Service is made between the hours of 9:15 a.m. and 10:15 a.m.

4. Sales scheduled by the Lycoming County Tax Claim Bureau for September 10, 1979 commenced at 10:00 a.m.

5. Delivery of mail on September 10, 1979 took place prior to 10:00 a.m.

6. On said date the mail bags had been delivered to the lobby of the Lycoming County Court House by the U.S. Postal Service so that the said bags were seen by Stephen Nelson, who was then manager of services for Lycoming County, while on his way to Court Room No. 3 where the sales were conducted. The mail was in the possession of Lycoming County as custodian for later distribution to the respective offices.

7. The mail delivered to the Lycoming County Court House on said date contained an envelope

postmarked September 5, 1979 from Houston, Texas, sent by Gary L. Witmer, and addressed to the Lycoming County Tax Bureau, 48 Third Street, Williamsport, Pa. 17701, which envelope contained Bank Money Order no. 41835 for the sum of $250. and Bank Money Order no. 41836 for the sum of $179., both made payable to the order of Lycoming County Tax Claim and remitted by Gary L. Witmer to parcel no. 43-008-00502, the total sum being sufficient to redeem their property and remove it from the tax sale.

8. Said envelope containing the said money orders was delivered to the desk of Stephen Nelson at some time during the progress of the sales and was found by him upon his return from the sales.

Section 501 of the Real Estate Tax Sale Law of July 7, 1947, P.L. 1368, as amended, 72 P. S. § 5860.501, sets forth the manner in which property may be redeemed from a tax sale.

"(a) Any owner, his heirs or legal representatives, or any lien creditor, his heirs, assigns or legal representative, or other person interested, if such other person has a duly executed power of attorney from the owner, his heirs or assigns or legal representative or any of them empowering such person to make payment may, within one (1) year after the first day of July of the year in which the claim was filed and notice given, if the notice was mailed prior to August first, or within one year from the first day of the month in which the notice was mailed, if mailed on or after August first, redeem such property for the benefit of the owner by payment to the bureau of the amount of the aforesaid claim and interest thereon, the amount of any other tax claim or tax judgment due on such

property and interest thereon, and the amount of all accrued taxes which remain unpaid, the record costs, including pro rata costs of the notice or notices given in connection with the returns or claims.

"The bureau shall receive and receipt for said payments, and shall make distribution thereof to the taxing districts entitled thereto. The bureau shall forthwith acknowledge the receipt of the redemption moneys by entering satisfaction on the record of the claim in the office of the bureau which shall be signed by the director.

"(b) When any property is so redeemed by a lien creditor, or his heirs, assigns or legal representatives, or by any person interested for the benefit of the owner, the bureau shall issue to the person redeeming such property a certificate, stating the fact of such redemption, a brief description of the property redeemed, and the amount of the redemption money paid, which certificate may be entered in the office of the prothonotary of the county as a judgment against the owner of the property for the amount stated therein. The lien of any such judgment shall have priority over all other liens against such property in the same manner and to the same extent as the taxes involved in the redemption.

"(c) There shall be no redemption of any property after the sale thereof."

The court's research efforts, as well as those of counsel have not disclosed any case which interprets this statute with respect to how payment is to be made or as to what constitutes receipt of the redemption payment.

Because of the lack of authority and because the statute is silent, concepts drawn from basic con-

tract law are well applied. The section 5860.501 redemption provisions can be likened to an offer, made by one with a legally enforceable right, to relinquish that right upon acceptance of the offer. The offer is specific about the manner of acceptance; it must be by performance only by tendering the redemption price prior to the actual sale of the property: section 5860.501(c). It is clear that any reasonable manner of tender will suffice, such as tender by mail. The sole question we face is whether the Tax Claim Bureau was in receipt of the tender before the sale occurred.

Section 1201 of the Uniform Commercial Code, 13 Pa.C.S.A. §1201, gives the commercially reasonable definition of what constitutes receipt of notice by an organization.

"Notice, knowledge or a notice or notification received by an organization is effective for a particular transaction from the time when it is brought to the attention of the individual conducting that transaction, and in any event from the time when it would have been brought to his attention if the organization had exercised due diligence. An organization exercises due diligence if it maintains reasonable routines for communicating significant information to the person conducting the transaction and there is reasonable compliance with the routines. Due diligence does not require an individual acting for the organization to communicate information unless such communication is part of his regular duties or unless he has reason to know of the transaction and that the transaction would be materially affected by the information.

"'Organization.' Includes a corporation, government, governmental subdivision or agency, busi-

ness trust, estate, trust, partnership or association, two or more persons having a joint or common interest, or any other legal or commercial entity."

Under the present circumstances, where it is stipulated that a morning mail delivery is made each day near 10:00 a.m., where the officer conducting the sale knew the mail was in, where the tax sales were to commence at 10:00 a.m., and where the law provides that redemption may be had any time prior to sale, the Tax Claim Bureau did not exercise due diligence by allowing the mail to remain unexamined until after the sales.

A sale of property for the payment of delinquent taxes works an extreme hardship for those unfortunate enough not to have the finances or diligence to keep current with their tax obligations. In recognition of this the law liberally allows redemption at any time prior to sale. A public servant has the duty to make every attempt to see that an opportunity exists for those who wish to redeem their property to do so. Where receipt of the redemption moneys may be received by mail, it is the duty of the Tax Claim Bureau to examine the mail on the day of the sale to assure that all possible redemption attempts may be given effect. It is not an onerous or unreasonable burden to require the Tax Claim Bureau to look through its 10:00 a.m. mail before or during the time when the tax sales take place; it is only the exercise of due diligence that any member of the public should expect from a public servant.

The failure of the Tax Claim Bureau to examine the mail prior to the sale constituted an irregularity requiring this court to set aside the sale of petitioners' property.

## ORDER

And now, July 8, 1980, after hearing, the court finds that the tax sale of Gary L. Witmer and Neva P. Witmer's property situate in Old Lycoming Township, Lycoming County, Pa., more fully described in Lycoming County Deed Book Volume 528, Page 912, to James R. and Joanne C. Ertel, of R.D. 3, Williamsport, Pa., is invalid and the sale is set aside.

It is further directed that the $1,600 paid to Lycoming County be turned over to James R. and Joanne C. Ertel.